TROY K. FLAKE, ESQ.
Nevada Bar No. 16859
JORDAN M. FLAKE, ESQ.
Nevada Bar No.: 10583
**FLAKE & FLAKE, ATTORNEYS AT LAW**
8905 S. Pecos Rd., Ste. 23B
Henderson, NV  89074
Telephone (702) 818-1800
Attorneys for Plaintiffs
jordan@flakeandflake.com
troy@flakeandflake.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LACOSTA TUCKER, an individual; and CALI TUCKER, an individual, | Case No. 2:25-cv-02316-CDS-MDC |
| Plaintiffs, | **JOINT UNOPPOSED MOTION TO EXTEND DEADLINES IN SCHEDULING ORDER** |
| vs. | |
| NORDSTROM, INC., a Foreign Corporation; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X, inclusive, | **(Second Request)** |
| Defendants. | |

Plaintiffs LaCosta Tucker and Cali Tucker ("Plaintiffs"), by and through their attorneys of record, Flake & Flake, Attorneys at Law, and Defendant Nordstrom, Inc. by its attorney Meghan M. Goodwin of Thorndal Armstrong hereby jointly move this Court for an order extending all deadlines in the Scheduling Order (Dkt. No. 8) by forty-five (45) days.[1] This Motion is made pursuant to Federal Rule of Civil Procedure 16(b)(4), LR 26-3, and LR IA 6-1, and is supported by the Declaration of Troy K. Flake attached hereto.

Pursuant to LR IA 6-1, this is the second request to extend the deadline to amend the pleadings and add parties, and the first request to extend all other scheduling order deadlines.

---

[1] Where the forty-five-day calculation falls on a weekend or federal holiday, the proposed deadline has been moved to the next court day.

## I. BACKGROUND AND STATEMENT REGARDING DISCOVERY

Pursuant to the Court's Scheduling Order, Dkt. No. 8, the current operative deadlines are set forth in the table below. This Court has previously granted an extension of the deadline to amend the pleadings and add parties, extending it to Thursday, March 5, 2026.

Initial disclosures were due January 5, 2026. On January 8, 2026, Plaintiffs served Requests for Production of Documents, Requests for Admission, and Interrogatories on Defendant. On Monday, February 9, 2026, Plaintiffs' counsel granted Defendant's request for an extension of time to respond to written discovery, extending the deadline to Wednesday, February 11, 2026. Declaration of Troy Flake ¶4. On February 11, 2026, Defendant served answers to the Requests for Admission only. *Id.* ¶5. On February 13, 2026, Plaintiffs' counsel sent a letter regarding the outstanding discovery and identifying deficiencies in the Requests for Admission. *Id.* ¶6.

On February 18, 2026, the parties conducted a telephonic meet-and-confer conference. *Id.* ¶9. During this conference, the following was discussed and agreed upon:

1. Defendant's counsel agreed to provide the remaining outstanding discovery responses and initial disclosures by the end of the day on February 18, 2026.

2. Defendant's counsel agreed to waive objections on the overdue discovery.

3. Defendant's counsel indicated she would review and respond to Plaintiffs' February 13, 2026 letter regarding the deficiency of the Requests for Admission responses. *Id.* ¶10.

Defendant's initial disclosures, which were due January 5, 2026, were served on February 18, 2026. *Id.* ¶11.

Despite multiple attempts to confer with Defendant's counsel, Defendant has failed to serve responses to the Requests for Production of Documents and Interrogatories and has not responded to Plaintiffs' concerns regarding the Requests for Admission. Declaration of Troy Flake ¶¶6–15. As of the date of this filing, Defendant's responses to these discovery requests are approximately

three weeks overdue. *Id.* at ¶16.

On February 21, 2026, Plaintiffs filed a Stipulation Regarding Discovery Dispute unilaterally, with the Court, seeking assistance in obtaining the outstanding discovery and requesting sanctions. Dkt. No. 10.

Defendant's failure to provide the outstanding discovery has made it impossible for Plaintiffs to determine whether to seek leave to amend the pleadings to add additional parties or claims, and to properly identify and disclose expert witnesses. The information sought in the outstanding Requests for Production and Interrogatories is necessary for Plaintiffs to evaluate liability and damages, which directly impacts both the amendment and expert disclosure deadlines. Because these deadlines depend on the discovery that Defendant has failed to provide, Plaintiffs respectfully request that all scheduling order deadlines be extended to prevent prejudice to Plaintiffs.

## II. PROPOSED DEADLINES

Plaintiffs respectfully propose that all scheduling order deadlines be extended by forty-five (45) calendar days as follows:

| Deadline | Current Date | Proposed Date |
| --- | --- | --- |
| **Amend Pleadings / Add Parties** | March 5, 2026 | **April 20, 2026** |
| **Expert Disclosures** | March 23, 2026 | **May 7, 2026** |
| **Rebuttal Expert Disclosures** | April 22, 2026 | **June 8, 2026** |
| **Discovery Cutoff** | May 20, 2026 | **July 6, 2026** |
| **Dispositive Motions** | June 19, 2026 | **August 3, 2026** |
| **Pretrial Order** | July 20, 2026 | **September 3, 2026** |

## III. ARGUMENT

A district court has authority to modify a scheduling order for good cause. Fed. R. Civ. P. 16(b)(4); *see also* LR 26-3. Good cause to modify a scheduling order exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations,*

*Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Good cause exists here. After entry of the Scheduling Order, Plaintiffs promptly sought discovery necessary to evaluate their claims, identify responsible parties, and prepare their case. Within weeks of the initial disclosure deadline, Plaintiffs served comprehensive written discovery on Defendant, including Requests for Production, Interrogatories, and Requests for Admission. Declaration of Troy Flake ¶3. Despite acting diligently to obtain this discovery, and despite granting Defendant an extension of time to respond, Defendant has failed to serve responses to the Requests for Production and Interrogatories. *Id.* at ¶¶4–5, 11–12. *See United States v. Tucker*, No. 2:21-cv-02049-JCM-NJK, 2022 U.S. Dist. LEXIS 186584, at *3 (D. Nev. Aug. 31, 2022) ("diligence is measured by the parties' conduct during the entirety of the period already allowed.").

Because it has not obtained the requested discovery, Plaintiffs cannot determine whether amendment of the pleadings is necessary. Likewise, Plaintiffs cannot properly identify and disclose expert witnesses without the requested discovery. Accordingly, Plaintiffs request that the Court extend all deadlines.

The requested forty-five-day extension is narrowly tailored to provide Plaintiffs with adequate time to review Defendant's discovery responses once received, evaluate whether amendment is warranted, and prepare expert disclosures. No party will be prejudiced by the requested extension.

//

//

//

//

//

//

//

- 4 -

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant this Motion and enter an order extending all scheduling order deadlines by forty-five (45) days as set forth in the table above.

**I certify that Artificial Intelligence was used to prepare the foregoing document.**

**Dated: March 4, 2026**

| | |
|---|---|
| */s Troy K. Flake* | */s Megahn Goodwin* |
| Troy K. Flake | Meghan Goodwin |
| Flake & Flake – Attorneys at Law | Thorndal Armstrong, PC |
| Attorneys for Plaintiffs | Attorney for Defendant |

**ORDER**

IT IS SO ORDERED:

_____

Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED:  March 10, 2026

**DECLARATION OF TROY K. FLAKE**

I, Troy K. Flake, declare as follows:

1.    I am an attorney duly licensed to practice law in the State of Nevada and admitted to practice before the United States District Court for the District of Nevada. I am an attorney of record for Plaintiffs LaCosta Tucker and Cali Tucker in this action. Pursuant to 28 U.S.C. § 1746, I make this declaration under penalty of perjury upon my own personal knowledge and, if called upon to do so, could and would competently testify as to the matters stated herein.

2.    This action arises out of a personal injury incident involving Defendant Nordstrom, Inc.

3.    The case is currently in the discovery phase. On January 8, 2026, Plaintiffs served Requests for Production of Documents, Requests for Admission, and Interrogatories on Defendant.

4.    On Monday, February 9, 2026, I granted Defendant's request for an extension of time to respond to written discovery, extending the deadline to Wednesday, February 11, 2026.

5.    On February 11, 2026, Defendant served answers to the Requests for Admission only. Defendant did not serve responses to the Requests for Production of Documents or Interrogatories.

6.    On Friday, February 13, 2026, I sent a letter requesting a meet and confer with Defendant's counsel regarding the status of discovery.

7.    On Tuesday, February 17, 2026, I called Defendant's counsel's office but was unable to reach Defendant's counsel.

8.    This Court subsequently granted Plaintiffs' motion to extend the deadline to amend pleadings and add parties, extending that deadline to March 5, 2026.

9.    On February 18, 2026, I met and conferred with Meghan Goodwin, counsel for

Defendant.

10. Ms. Goodwin agreed to provide initial disclosures, Requests for Production, Interrogatories, and a response to my letter regarding deficient responses to Requests for Admission by the end of the day.

11. Defendant provided its initial disclosures on February 18, 2026, but failed to provide the other items.

12. Defendant's counsel did not request additional time or explain the failure to abide by the agreement to provide the remaining discovery.

13. On February 19, 2026, at 9:21 AM, I sent by email a draft Stipulation Regarding Discovery Dispute to Defendant's counsel and requested that she respond within 24 hours.

14. I also offered to further discuss the matter with her to the extent it was helpful and I received no response.

15. I sent a draft of this motion to Defendant's counsel on March 3, 2026, and requested consent to file it unopposed. By her assistant, Defendant's counsel consented to submission as a joint unopposed motion.

Executed on this 4th day of March, 2026, in Henderson, Nevada.

Troy K. Flake, Esq.