**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LACOSTA TUCKER, an individual; and
CALI TUCKER, an individual,

Plaintiffs,

vs.

NORDSTROM, INC., a Foreign Corporation;
DOE INDIVIDUALS I through X; and ROE
ENTITIES I through X, inclusive,

Defendants.

**Case No. 2:25-cv-02316-CDS-MDC**

**ORDER AWARDING PLAINTIFFS REASONABLE ATTORNEY'S FEES AND COSTS**

On April 3, 2026, the Court entered an Order (ECF No. 16) granting plaintiffs' unilateral *Stipulation Regarding Discovery Dispute* (ECF No. 10). Among other things, the Court granted plaintiffs' request for reasonable attorneys' fees and costs against defendant in connection with (a) meet and confer efforts; (b) preparing the stipulation; and (c) attendance at hearing. *See ECF No. 16*. The Court has reviewed the *Declaration of Fees* by plaintiffs' counsel (ECF No. 17) ("Fees Declaration"). The defendant did not oppose or object to the fees and costs requested by plaintiffs in the Fees Declaration.

Plaintiffs request $3,613.50 in fees based on 7.3 billed hours and $16.82 in costs. *ECF No. 17*. The costs are based on mileage reimbursement for courthouse travel by plaintiffs' counsel. For the reasons below, the Court and awards **$3,613.50** in reasonable fees and **$16.82** in costs.

**I.      Analysis**

In determining plaintiffs' reasonable fees and costs, the Court considered among the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to

acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. In most cases, the lodestar figure is a presumptively reasonable fee award.

*CLM Partners LLC v. Fiesta Palms, LLC,* No. 2:11-cv-01387-PMP-CWH, 2013 WL 6388760, at *11 (D. Nev. December 5, 2013). *See also* LR 54-14.

The actual work performed and 7.3 hours reported by plaintiffs' counsel is reasonable. Reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community" (*Blum v. Stenson*, 465 U.S. 886, 895 (1984)), which "consists of the forum in which the case is pending." *CLM Partners LLC*, 2013 WL 6388760, at *5 (citing *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)).  Counsel demonstrated the requisite skill to perform the task properly and efficiently.  *ECF No. 17*.  Among other things, counsel has approximately 16 years' experience practicing federal litigation in a variety of complex criminal and civil matters.  *Id.* Thus, the $495.00 hourly fee by plaintiffs' counsel is reasonable.  Courts in our district have previously found similar hourly rates to be reasonable for the Las Vegas legal community for attorneys with similar years of experience.  *See, e.g.*, *Sasiada v. Switch, Ltd.*, No. 2:23-cv-00088-JCM-NJK, 2024 WL 4557360, at *2 (D. Nev. October 23, 2024) ($550/hr for lawyer with over 15 years experience); *Newmark Grp., Inc. v. Avison Young Canada Inc.*, No. 2:15-cv-00531-RFB-EJY, 2022 WL 990640 (D. Nev. April 1, 2022) (on average $475/hr); *Leftenant v. Blackmon*, No. 2:18-cv-01948-EJY, 2022 WL 605344 (D. Nev. February 28, 2022) ($500/hr).

Finally, the **$16.82** in costs requested by plaintiffs for mileage are reasonable and may be recovered.  *See Zuniga v. W. Apartments*, No. CV 13-04637-JFW (JCx), 2014 WL 6655997, at *4-5 (C.D. Cal. November 24, 2014) (awarding mileage as reasonable costs).

//

//

2

**II.      Conclusion and Order**

Based on the foregoing and for good cause appearing,

**IT IS ORDERED** that Defendant shall, by no later than **June 22, 2026**, pay plaintiffs **$3,613.50** in reasonable fees and **$16.82** in costs.

Dated: May 21, 2026.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge