**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LACOSTA TUCKER, an individual; and CALI TUCKER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NORDSTROM, INC., a Foreign Corporation; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | **Case No. 2:25-cv-02316-CDS-MDC**<br><br>**ORDER AWARDING PLAINTIFFS REASONABLE ATTORNEY'S COSTS** |

On August 20, 2026, the Court granted in part and denied in part parties' *Stipulation Regarding Discovery Dispute* (ECF No. 21). *ECF No. 23*. Relevantly here, the Court granted plaintiffs' request court reporter costs they incurred in connection with having to cancel four depositions where defendant's witnesses failed to appear ("late cancellation costs"). *See id*. The Court has also reviewed the *Declaration In Support Of Request For Costs* by plaintiffs' counsel (ECF No. 24) ("Costs Declaration"), outlining that plaintiffs incurred $1,402.00 in total late cancellation costs and providing copies of the invoices. *ECF Nos. 24, 24-1*. The defendant did not oppose or otherwise respond to plaintiffs' outlined costs in the Costs Declaration. For the reasons below, the Court awards plaintiffs **<u>$1,402.00</u>** in reasonable costs.

## I. Analysis

In determining plaintiffs' reasonable fees and costs, the Court considered among the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances;

> (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. In most cases, the lodestar figure is a presumptively reasonable fee award.

*CLM Partners LLC v. Fiesta Palms, LLC,* No. 2:11-cv-01387-PMP-CWH, 2013 WL 6388760, at *11 (D. Nev. December 5, 2013); *see also* LR 54-14.

Plaintiffs' court reporter issued three invoices related to the late cancellations totaling $1,402.00. *ECF Nos. 24*, *24-1*. Courts have found late cancellation costs that were similar or exceeded such an amount were reasonable and recoverable. *See, e.g.*, *Societe D'equipments Internationaux Nigeria, Ltd v. Dolarian Cap., Inc.*, No. 1:15-cv-01553-DAD-SKO, 2016 WL 6901991, at *3 (E.D. Cal. November 22, 2016) (granting recovery of "$2,896.40 in costs Plaintiff suffered associated with the late cancellation of the… deposition"); *Lowe v. Vilsack*, No. 2:24-CV-1287-DMC, 2026 WL 416874 (E.D. Cal. February 13, 2026) (granting $1,208.75 in late cancellation costs); *Jefferies Funding LLC v. Dasagroup Holdings Corp.*, No. 24-cv-05639-TLT (PHK), 2026 WL 2258407, at *7 (N.D. Cal. August 5, 2026) (granting a total of $928.60 in late cancellation costs). Given the foregoing, the Court finds that **$1,402.00** which plaintiffs seek in late cancellation costs is reasonable and may be recovered.

**II. Conclusion and Order**

Based on the foregoing and for good cause appearing,

**IT IS ORDERED** that Defendant shall, by no later than **October 28, 2026**, pay plaintiffs **$1,402.00** in costs.

Dated: September 28, 2026.

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge