**FLAKE & FLAKE – ATTORNEYS AT LAW**
JORDAN M. FLAKE, ESQ.
Nevada Bar No.: 10583
TROY K. FLAKE, ESQ.
Nevada Bar No. 16859
8905 S. Pecos Rd., Ste. 23B
Henderson, NV 89074
Telephone (702) 818-1800
Attorneys for Plaintiffs
jordan@flakeandflake.com
troy@flakeandflake.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LACOSTA TUCKER, an individual; and CALI TUCKER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NORDSTROM, INC., a Foreign Corporation; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:25-cv-02316-CDS-MDC<br><br>**STIPULATION REGARDING DISCOVERY DISPUTE**<br><br>(Nordstrom's Non-Compliance with ECF No. 23) |

The parties in the above-captioned matter, by and through their respective counsel of record, hereby submit this Stipulation Regarding Discovery Dispute to Magistrate Judge Couvillier pursuant to the Court's procedures for resolving discovery disputes. The parties state as follows:

**I. JOINT SUMMARY OF DISCOVERY DISPUTE**

On August 20, 2026, the Court granted in part the parties' Stipulation Regarding Discovery Dispute (ECF No. 21), extended the discovery deadline to September 25, 2026, for depositions only, and ordered that "[d]efendant shall first produce the following witnesses for deposition by plaintiff: (1) Defendants 30(b)6 designee/s; (2) Mike Ko; (3) Amanda Pietsch; and (4) Lisa Sakaio." ECF No. 23. The Court further ordered that "[o]nce those depositions are completed by the plaintiff, the defendant may take up to 4 depositions." *Id.*

Discovery closed on September 25, 2026. Defendant Nordstrom, Inc. ("Nordstrom") did

not produce any of the four witnesses for deposition before that date. Plaintiffs noticed the four depositions for September 23 and 24, 2026. On September 22, 2026, Nordstrom's counsel advised that the witnesses would not show for their deposition. Nordstrom has not provided alternative dates.

Plaintiffs LaCosta Tucker and Cali Tucker ("Plaintiffs") request that the Court enter an evidentiary sanction under Federal Rule of Civil Procedure 37(b)(2)(A)(ii) precluding Nordstrom from offering testimony from Mike Ko, Amanda Pietsch, Lisa Sakaio, or any Rule 30(b)(6) designee, in support of or in opposition to any motion or at trial. Nordstrom's position is set forth in Section V.

Defendant Nordstrom opposes Plaintiff's request for evidentiary sanctions and requests that an additional thirty (30) days be provided by the court to complete the depositions requested by Plaintiff and the depositions that the Court allowed Defendant to complete once Plaintiff completed their depositions.

**II. ORDER AND DEPOSITION NOTICES AT ISSUE**

Plaintiffs served the following notices of deposition on September 15, 2026.

1. Nordstrom, Inc., pursuant to Fed. R. Civ. P. 30(b)(6) — September 23, 2026, at 10:00 a.m.
2. Mike Ko, Area Facilities Manager — September 23, 2026, at 2:00 p.m.
3. Amanda Pietsch, Asset Protection Manager — September 24, 2026, at 10:00 a.m.
4. Lisa Sakaio, Department Manager — September 24, 2026, at 1:00 p.m.

**III. JOINT SUMMARY OF MEET-AND-CONFER EFFORTS**

**A. Summary of Discussions**

On August 26, 2026, Nordstrom's counsel, Meghan M. Goodwin, Esq., emailed Plaintiffs' counsel, Troy K. Flake, Esq., asking for proposed dates for the four Nordstrom depositions and offering to obtain the witnesses' general availability for the following month.

On August 27, 2026, Plaintiffs' counsel proposed September 14 and 15, 2026, at 10:00 a.m. and 1:00 p.m. Nordstrom did not respond.

On September 6, 2026, Plaintiffs' counsel followed up by email. Nordstrom did not respond. On September 11, 2026, Plaintiffs' counsel again asked for dates and advised that

September 23 and 24, 2026, were open. Nordstrom did not provide dates.

On September 15, 2026, Plaintiffs served notices of deposition for September 23 and 24, 2026, the dates Plaintiffs had offered on September 11, and advised Nordstrom's counsel that Plaintiffs would "try to work with you on dates to the extent I can." Plaintiffs received no objection, motion for protective order, or proposed alternative dates.

On September 21, 2026, Plaintiffs' counsel asked Nordstrom's counsel to confirm the witnesses' attendance. On the morning of September 22, 2026, Nordstrom's counsel responded, "Sorry, I've been out, I'm confirming right now."

Later on September 22, 2026, counsel spoke by telephone. Nordstrom's counsel advised that the witnesses would not attend the depositions scheduled for the following day. That evening, Plaintiffs' counsel confirmed the conversation by email, asked whether the September 24 depositions should also be cancelled, and stated that Plaintiffs were willing to consider a stipulation to take the four depositions after the close of discovery, asking Nordstrom to "provide me proposed dates as soon as possible."

On September 23, 2026, Plaintiffs' counsel asked Nordstrom's counsel to confirm that the September 24 depositions were not going forward. Nordstrom's counsel responded that she was "still trying to firm up dates for the next week or two." Nordstrom did not provide dates before discovery closed on September 25, 2026, or at any time since.

On September 29, 2026, Plaintiffs' counsel asked whether Nordstrom had obtained dates for the four witnesses. On September 30, 2026, Plaintiffs' counsel requested a meet-and-confer conference "at your earliest convenience." As of the date of this Stipulation, Nordstrom has not responded.

On October 5, 2026, Plaintiffs' counsel sent a draft of this Stipulation to Nordstrom's counsel and requested a meet-and-confer conference. On October 7, 2026, Plaintiffs' counsel and Nordstrom's counsel, Philip Goodhart, Esq., held a meet and confer conference to discuss the discovery issues presented in this Stipulation. An agreement on the issues could not be reached prompting the parties to submit the following Stipulation to the Court.

**B. Certification**

The undersigned counsel hereby certify that, despite a sincere effort to resolve or narrow the dispute through the meet-and-confer process described above, the parties have been unable to resolve the discovery dispute without court intervention.

**IV. PLAINTIFFS' POSITION**

**A. Nordstrom Failed to Produce the Witnesses as Required by the August 20, 2026 Order.**

The Court's August 20, 2026 extended discovery for the limited purpose of depositions and directed that Nordstrom "shall first produce" four specific witnesses: its Rule 30(b)(6) designee and three of its own managers. ECF No. 23. Nordstrom did not produce these witnesses. The witnesses are Nordstrom's employees and its corporate designee, and their attendance was within Nordstrom's control. Nordstrom did not seek a protective order, a modification of the Order, or a further extension. It simply did not comply.

This is the third time Plaintiffs have had to seek the Court's intervention to obtain basic discovery from Nordstrom. In February 2026, Nordstrom failed to serve its initial disclosures and written discovery responses, and the Court granted Plaintiffs' unilateral stipulation and awarded fees. ECF Nos. 10, 16, 18. In June 2026, three of these same witnesses failed to appear for their noticed depositions and the Rule 30(b)(6) deposition was cancelled less than a day before it was to occur. ECF No. 21 at 4–5. The Court awarded the resulting court reporter costs. ECF Nos. 23, 25. In the previous Stipulation, Nordstrom represented that it "does not dispute Plaintiff made diligent efforts to set these depositions" and that it "intends to cooperate fully with any requests from Plaintiff regarding discovery." ECF No. 21 at 3–4. It did not do so.

**B. Rule 37(b)(2)(A)(ii) Authorizes Precluding These Witnesses.**

When a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). A Rule 37(b)(2) sanction must satisfy two standards: it must be "just," and it "must be specifically related to the particular 'claim' which was at issue in the order to provide

discovery." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982).

The requested sanction meets both standards. It is tied precisely to the Court's order regarding discovery: the Court ordered Nordstrom to produce four witnesses, and Plaintiffs ask only that Nordstrom not be permitted to use those same four witnesses. It is also just. These witnesses are expected to have knowledge of the condition of the subject area, Nordstrom's inspection and maintenance practices, and Nordstrom's notice of the condition. Plaintiffs have been unable to examine any of them under oath. Absent preclusion, Nordstrom would be free to present their testimony or their declarations. Rule 37 does not permit a party to benefit from its own noncompliance and witness preclusion is the most appropriate sanction.

**C. Plaintiffs Are Entitled to Their Reasonable Expenses.**

Rule 37(b)(2)(C) provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Nordstrom's failure was not substantially justified. Plaintiffs request their reasonable expenses, including attorney's fees, incurred in the meet-and-confer process and in preparing this Stipulation and attending any hearing.

**V. DEFENDANT'S POSITION**

**GOOD CAUSE AND EXCUSABLE NEGLECT SUPPORT THE REQUESTED EXTENSION**

Defendant Nordstrom respectfully requests a limited extension of the September 25, 2026, deadline to complete the four depositions requested by Plaintiffs and the four additional depositions authorized for Nordstrom following their completion. Although the deadline has expired, the circumstances surrounding the delay, including significant health related issues affecting counsel during the relevant period, support a finding of good cause and excusable neglect.

On August 26, 2026, approximately one week after the Court extended discovery, Nordstrom's counsel, Meghan M. Goodwin, Esq., initiated contact with Plaintiffs' counsel, Troy K. Flake, Esq., requesting deposition dates. Plaintiffs' counsel responded, subsequently followed up, and ultimately noticed depositions for September 23 and 24. Nordstrom acknowledges that timely

responses and alternative dates were not provided. On September 22, Ms. Goodwin advised that the witnesses were unavailable. Plaintiffs' counsel expressed willingness to stipulate to depositions after the deadline, and Ms. Goodwin indicated she was attempting to confirm alternative dates. Unfortunately, the depositions were not completed by September 25.

Throughout this period, Ms. Goodwin was experiencing significant health related circumstances that ultimately necessitated an extended leave of absence beginning October 9, 2026. These circumstances provide important context for the scheduling difficulties. To protect her medical privacy, Nordstrom has limited its disclosure of those circumstances. Should the Court require additional information, Nordstrom respectfully requests an opportunity to submit a supporting declaration and, if appropriate, seek leave to file sensitive information under seal.

In anticipation of Ms. Goodwin's leave, undersigned counsel is assuming responsibility for this matter and, upon reviewing the file, identified the outstanding discovery issue and undertook to seek appropriate relief.

The relevant equitable factors favor the requested extension. **First**, although Plaintiffs expended time attempting to schedule the depositions, the extension will permit them to obtain the testimony they sought, minimizing any lasting prejudice. **Second**, the extension is limited to previously authorized depositions and should not materially disrupt the proceedings. The parties have independently discussed extending the dispositive motion deadline regardless of these circumstances. **Third**, the delay occurred against the backdrop of Ms. Goodwin's ongoing health related circumstances, notwithstanding her initial and subsequent efforts to coordinate the depositions. **Fourth**, there was no intentional disregard of the Court's Order or effort to obtain a tactical advantage.

The Ninth Circuit recognizes that excusable neglect requires an equitable assessment of all relevant circumstances and that attorney error does not categorically preclude relief. *Pincay v. Andrews*, 389 F.3d 853, 855–60 (9th Cir. 2004) (en banc).

Accordingly, Nordstrom respectfully requests a limited extension to complete the eight previously authorized depositions, allowing both parties to obtain the contemplated discovery without materially disrupting the remaining case schedule.

**VI. PROPOSALS FOR COMPROMISE OR RESOLUTION**

**A. Plaintiffs' Proposal**

Plaintiffs propose that the Court order as follows:

1. Nordstrom is precluded from offering the testimony of Mike Ko, Amanda Pietsch, or Lisa Sakaio, whether live, by deposition, or by declaration or affidavit, in support of or in opposition to any motion, or at trial.

2. Nordstrom is precluded from offering the testimony of any Rule 30(b)(6) designee or other corporate representative on the matters identified in Plaintiffs' September 15, 2026 Rule 30(b)(6) notice, whether live, by deposition, or by declaration or affidavit, in support of or in opposition to any motion, or at trial.

3. Nothing in this Order limits Plaintiffs' ability to call any witness identified in paragraphs 1 or 2 at trial. If Plaintiffs do so, Nordstrom's examination of that witness is limited to the scope of Plaintiffs' examination.

4. Discovery remains closed. Because the depositions required by ECF No. 23 were not completed, Nordstrom may not take the four depositions contemplated by that Order.

5. Pursuant to Fed. R. Civ. P. 37(b)(2)(C), Nordstrom shall pay Plaintiffs' reasonable expenses, including attorney's fees, incurred in connection with the meet-and-confer process, the preparation of this Stipulation, and attendance at any hearing. Plaintiffs shall file a declaration supporting the amount within seven (7) days of the Court's order, and Nordstrom may respond within seven (7) days thereafter.

**B. Defendant's Proposal**

Defendant proposes that the Court order as follows:

1. That the September 25, 2026, deadline for completion of the depositions previously authorized by the Court in ECF No. 23 is extended to November 6, 2026 (or another date set by the Court) solely for the purpose of completing the four depositions requested by Plaintiffs and the four additional depositions authorized for Defendant Nordstrom following completion of Plaintiff's depositions.

2. That the parties are to coordinate scheduling the depositions within the next seven (7) days, with completion of the depositions by November 6, 2020 (or another date set by the Court).

**C. Joint Request**

The parties jointly request that the dispositive motion and joint pretrial order deadlines be reset consistent with the court's decision on this order.

Dated: October __, 2026

**FLAKE & FLAKE – ATTORNEYS AT LAW**

I certify that Artificial Intelligence was used to prepare the foregoing document.

By: _____*/s Troy K. Flake*______

Troy K. Flake, Esq.
Nevada Bar No. 16859
8905 S. Pecos Rd., Ste. 23B
Henderson, NV 89074
Telephone: (702) 818-1800
*Attorneys for Plaintiffs*

THORNDAL ARMSTRONG, PC

By: _____*/s/ Philip Goodhart*______

Philip Goodhart, Esq.
Nevada Bar No. 5332
600 S. Las Vegas Blvd., Suite 400
Las Vegas, Nevada 89101
Attorneys for Defendant, NORDSTROM, INC.