**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Lacosta Tucker, *et al.*,

Plaintiffs,

vs.

Nordstrom, Inc.,

Defendant.

Case No. 2:25-cv-02316-CDS-MDC

**ORDER RE: STIPULATION REGARDING DISCOVERY DISPUTE (ECF NO. 27)**

The Court has reviewed parties' *Stipulation Regarding Discovery Dispute* ("Discovery Dispute Stipulation") (ECF No. 27). The Court resolves the parties' disputes as discussed below.

## I. BACKGROUND

This is a personal injury case. *See ECF No. 1*. On June 22, 2026, three defendant witnesses failed to appear for their depositions, and a 30(b)(6) deposition, scheduled for June 23, 2026, was cancelled with less than a day's notice ("No-Show Depositions"). *See ECF No. 21*.

Parties filed a prior *Stipulation Regarding Discovery Dispute* ("Prior Discovery Dispute Stipulation") (ECF No. 21) regarding the No-Show Depositions. The Court granted in part and denied in part the Prior Discovery Dispute Stipulation, extending discovery to September 25, 2026 for plaintiffs to complete the depositions, and ordering defendant to produce the witnesses and pay for court reporter costs associated with the No-Show Depositions. *Id.* The Court also allowed defendant to take four depositions, once plaintiffs' depositions were completed. *Id.*

In this Discovery Dispute Stipulation filed on October 8, 2026, parties now state that defendant failed to produce any of the four witnesses by September 25, 2026. *ECF No. 27*. For reference, the witnesses are:

1. FRCP 30(b)(6) Corporate Representative for Nordstrom
2. Mike Ko, Area Facilities Manager
3. Amanda Pietsch, Asset Protection Manager
4. Lisa Sakaio, Department Manager. (collectively "Four Witnesses")

## II. DISCUSSION

### a. Parties' Positions

Plaintiffs requests the following:

> 1. [Defendant] is precluded from offering the testimony of Mike Ko, Amanda Pietsch, or Lisa Sakaio, whether live, by deposition, or by declaration or affidavit, in support of or in opposition to any motion, or at trial.
>
> 2. [Defendant] is precluded from offering the testimony of any Rule 30(b)(6) designee or other corporate representative on the matters identified in Plaintiffs' September 15, 2026 Rule 30(b)(6) notice, whether live, by deposition, or by declaration or affidavit, in support of or in opposition to any motion, or at trial.
>
> 3. Nothing in this Order limits Plaintiffs' ability to call any witness identified in paragraphs 1 or 2 at trial. If Plaintiffs do so, [defendant]'s examination of that witness is limited to the scope of Plaintiffs' examination.
>
> 4. Discovery remains closed. Because the depositions required by ECF No. 23 were not completed, [defendant] may not take the four depositions contemplated by that Order.
>
> 5. Pursuant to Fed. R. Civ. P. 37(b)(2)(C), [defendant] shall pay Plaintiffs' reasonable expenses, including attorney's fees, incurred in connection with the meet-and-confer process, the preparation of this Stipulation, and attendance at any hearing. Plaintiffs shall file a declaration supporting the amount within seven (7) days of the Court's order, and [defendant] may respond within seven (7) days thereafter.

*ECF No. 27* at 7.

Defendant requests to further extend the discovery deadline to November 6, 2026, "solely for the purpose of completing the four depositions… and the four additional depositions authorized for [defendant] following completion of [p]laintiff[]s['] depositions." *Id.*

Parties jointly request that to the extent that discovery is extended in this case, "that the dispositive motion and joint pretrial order deadlines be reset consistent with the court's decision…" *Id.* at 8.

//

//

**b. Extending Discovery**

Under Federal Rule of Civil Procedure ("Rule") 6(b)(1), "[w]hen an act… must be done within a specified time, the court may, for good cause with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]". Fed. R. Civ. P. 6(b)(1). Requests for extension of time should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). When diligence has not been shown in support of an extension request, "the inquiry should end." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). Rule 6(b)(1)(B) also provides that a party that files an extension motion after deadline to act must show that she failed to act prior to the deadline "because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Defendant shows good cause and excusable neglect for a limited extension of discovery. Foremost, defendant filed an October 6, 2026 Notice of Association of Counsel where Philip Goodheart, Esq. joined the case on its behalf alongside current counsel Meghan Goodwin, Esq. *ECF No. 26*. Ms. Goodwin also explained that he has faced health and personal issues when explaining why defendant has previously struggled with discovery and producing the Four Witnesses. *ECF No. 27* at 6; *see ECF No. 15* at 1; *ECF No. 21* at 4. Defendant thus shows good cause and diligence by retaining additional counsel in this case so that this case can properly move forward.

Regarding excusable neglect, the Court looks to four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Defendant shows that excusable neglect exists here. *See ECF No. 27* at 6. The prejudice that plaintiffs would suffer from another limited extension would be minimal, especially considering the extension would allow them to properly depose the Four Witnesses. Defendant sought this extension less than two weeks after the current discovery deadline. The reason for the delay also

favors granting an extension given Ms. Goodwin's health issues, Mr. Goodheart recently appearing in this case for defendant, and a need to ensure that both parties can complete discovery. The Court finally finds no evidence that plaintiffs are acting in bad faith in seeking an extension.

Given the foregoing, good cause and excusable neglect exist to grant defendant's requested limited extension. Plaintiffs' request to bar defendant from using the Four Witnesses in this case is thus denied without prejudice. The Discovery Deadline is extended to **December 4, 2026**, solely for plaintiffs to take the 4 depositions described above and for defendant to take 4 depositions thereafter. Defendant shall first produce the following witnesses for deposition by plaintiffs before defendant may take any of the four depositions it intends to take: (1) FRCP 30(b)(6) Corporate Representative for Nordstrom; (2) Mike Ko, Area Facilities Manager; (3) Amanda Pietsch, Asset Protection Manager; and (4) Lisa Sakaio, Department Manager. Defendant may not take any of its four allotted depositions until the plaintiffs have concluded the depositions of defendant's Rule 30(b)(6) designee/s, Mr. Ko, Ms. Pietsch, and Ms. Sakaio. Because discovery is being extended, parties' joint request to extend the Dispositive Motion and Joint Pretrial Order deadlines is granted and those deadlines are extended as follows:

Dispositive Motion Deadline: **January 8, 2027**.

Joint Pretrial Order Deadline: **February 8, 2027**.

Furthermore, the Four Witnesses are compelled to appear by **November 18, 2026** for their depositions. Defendant is cautioned that failure to timely produce the Four Witnesses will result in sanctions, including sanctions barring the defendant from offering, using or otherwise relying on the testimony of the Four Witnesses for any purpose, precluding defendant from taking its four allotted depositions, and fees.

//

**c. Plaintiffs' Request For Expenses**

Parties outline their meet-and-confer efforts with each other regarding the depositions of the Four Witnesses. *ECF No. 27* at 2-3. They also state that plaintiffs noticed the depositions for September 23 and 24, 2026, but that defendant's counsel on September 22, 2026 stated that the witnesses could not appear. *Id.* at 3. Defendant thereafter did not respond to plaintiff's attempts to meet and confer regarding setting new dates for the depositions. *Id.* Defendant's new counsel Mr. Goodheart then held an October 7, 2026 meet-and-confer conference with plaintiffs' counsel, and parties then filed this Stipulation when they could not come to an agreement. *Id.*

Plaintiffs thus asks for reasonable expenses under Rule 37(b)(2)(C), which states "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Specifically, plaintiffs seek reasonable expenses from the meet-and-confer efforts they undertook regarding the depositions of the Four Witnesses from August to October 2026 and in the preparation of the Discovery Dispute Stipulation. Defendant does not argue against reasonable expenses being awarded for their failure to communicate. *See ECF No. 27* at 2-3.

"The Court has "great latitude" in imposing sanctions under Rule 37." *McGraw v. Kim*, No. 2:22-cv-01414-APG-NJK, 2024 WL 3358071, at *1 (D. Nev. July 9, 2024) (citing *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985)). Under the circumstances here, the Court grants plaintiff's requests for reasonable expenses. Plaintiffs shall file a declaration supporting the amount of their expenses by **November 16, 2026**, and defendant may respond by **November 23, 2026**.

//

//

//

## IV. CONCLUSION and ORDER

For the foregoing reasons,

**IT IS ORDERED** that:

1. Parties' *Stipulation on Discovery Dispute* (ECF No. 27) is **GRANTED** in part and **DENIED** in part.
2. Defendant's request for a limited extension of discovery is **GRANTED**. Parties' joint request to extend the Dispositive Motion and Joint Pretrial Order deadlines is also **GRANTED**. The pretrial deadlines are now as follows:

   Discovery Deadline, solely for plaintiffs to complete the depositions of defendant's corporate representative, Mike Ko, Amanda Pietch, and Lisa Sakaio, and for defendant to thereafter complete four depositions: **December 4, 2026.**

   Dispositive Motion Deadline: **January 8, 2027.**

   Joint Pretrial Order Deadline: **February 8, 2027**. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order. The disclosures required by Federal Rule of Civil Procedure 26(a)(3) and any objections to them must be included in the joint pretrial order.

3. Plaintiffs' request to bar defendant from using defendant's corporate representative, Mike Ko, Amanda Pietch, and Lisa Sakaio in this case is **DENIED** without prejudice.
4. Defendant's corporate representative, Mike Ko, Amanda Pietch, and Lisa Sakaio are compelled to appear by **November 18, 2026** for their depositions. Defendant is cautioned that failure to timely produce these witnesses will result in sanctions, including sanctions barring the defendant from offering, using or otherwise relying on their testimony for any purpose.

5. Plaintiffs' request for reasonable expenses incurred in connection with the meet-and-confer process regarding the depositions of corporate representative, Mike Ko, Amanda Pietch, and Lisa Sakaio and the preparation of this Discovery Dispute Stipulation is **GRANTED**. Plaintiffs shall file a declaration supporting the amount of their expenses by **November 16, 2026**, and defendant may respond by **November 23, 2026**.

DATED: November 2, 2026.

IT IS SO ORDERED.



Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge