PHILIP GOODHART, ESQ.
Nevada Bar No. 5332
THORNDAL ARMSTRONG, PC
600 S. Las Vegas Blvd., Suite 400
Las Vegas, Nevada 89101
Tel.: (702) 366-0622
Fax: (702) 366-0327
png@thorndal.com
png@thorndal.com

Attorneys for Defendant,
NORDSTROM, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LACOSTA TUCKER, an individual; and CALI TUCKER, an individual,

Plaintiffs,

vs.

NORDSTROM, INC., a Foreign Corporation; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X, inclusive,

Defendants.

Case No. 2:25-cv-02316

**DEFENDANT, NORDSTROM, INC.'S EMERGENCY MOTION TO SEAL DECLARATIONS AND DOCUMENTS IN SUPPORT OF EMERGENCY MOTION TO REOPEN DISCOVERY**

COMES NOW Defendant, NORDSTROM, INC., by and through its counsel of record, the law firm of THORNDAL ARMSTRONG, PC, and hereby respectfully moves on an emergency basis, pursuant to Local Rule 7-4, Local Rule IA 10-5, Federal Rules of Civil Procedure 5.2(d) and 26(c), and the Court's inherent supervisory authority over its own records, for an order (1) granting leave to file under seal the **Declaration of Philip Goodhart in Support of Request for Relief Based Upon Excusable Neglect** (the "Goodhart Declaration" – Exhibit 1 to this Motion) and the **November 3, 2026 Leave of Absence Letter of Beverly Barclay, Ph.D.** (the "Barclay Letter" – Exhibit 2 to this Motion) (together, the "Sealed Documents"); (2) restricting access to the Sealed Documents to the Court, its personnel, and counsel of record for the parties; and (3) directing that any future filing that discloses or describes the protected health information of non-party attorney Meghan M. Goodwin, Esq. be filed under seal, with a redacted public version.

The Sealed Documents are offered in support of Defendant's concurrently filed Motion for

Relief Based Upon Excusable Neglect (the "Underlying Motion"). The sealed documents describe, in clinical detail, Ms. Goodwin's mental health diagnosis, symptoms, treatment history, cognitive assessment, and prognosis. Ms. Goodwin is not a party to this action, has not placed her health at issue, and has a profound and well-recognized privacy interest in that information. Once those details are placed on the public docket, the harm cannot be undone. Emergency treatment is therefore warranted so that the Underlying Motion may be presented to the Court without irreparably sacrificing Ms. Goodwin's medical privacy.

This Motion is based on the following Memorandum of Points and Authorities, the Declaration of Counsel Certifying Emergency required by LR 7-4, the papers and pleadings on file, and any argument the Court may permit.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. INTRODUCTION

Defendant does not ask the Court to hide the procedural history of this case or the substance of the relief it seeks. The missed deadlines, the unopposed motions, and the corrective steps taken by Defendant's former and current counsel can and will be described in the public filings. What Defendant asks is narrow: that the clinical description of a non-party attorney's psychological condition, prepared by her treating psychologist and the firm declaration that repeats it, be kept off the public docket. Courts in this Circuit routinely seal precisely this category of information, and the public's interest in understanding the Court's ruling on the Underlying Motion is fully served by a redacted public filing.

### B. FACTUAL BACKGROUND AND BASIS FOR EMERGENCY

#### 1. <u>The Underlying Proceeding</u>

This action involves a trip and fall incident that occurred on July 1, 2023 in the women’s shoes department of Nordstrom located in the Fashion Show Mall in Las Vegas, Nevada. Until her medical leave, Defendant was represented by Meghan M. Goodwin, Esq., a shareholder of Thorndal Armstrong, P.C. During that period, in particular, Ms. Goodwin failed to notify Defendant of relevant deadlines for completing depositions. [ECF No. 14; ECF No. 16; ECF No. 18; ECF No. 23; ECF No. 25]. While Ms. Goodwin participated in the Court proceedings, none of

the Orders were conveyed to Defendant Nordstrom. Most significantly Defendant Nordstrom was not advised of ECF No. 23, dated August 20, 2026, wherein the Court ordered that the discovery deadline was extended to September 25, 2026, and that certain depositions needed to be completed in a certain order.

**2. <u>Why Ms. Goodwin's Protected Health Information Is at Issue</u>**

To establish good cause and excusable neglect under Federal Rules of Civil Procedure 6(b)(1)(B), 16(b)(4), and/or 60(b)(1), Defendant must explain why the deadlines were missed. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). That explanation is Ms. Goodwin's medical condition. The Goodhart Declaration (Exhibit 1), submitted by the President of Thorndal Armstrong, P.C., recounts that Ms. Goodwin had been receiving psychological treatment for several years following a significant traumatic event in 2017, that her treating psychologist identified symptoms interfering with her cognitive functioning, concentration, decision-making, judgment, and planning, that she was advised to take immediate medical leave in approximately March 2026, and that she commenced leave on October 15, 2026.

The Barclay Letter (Exhibit 2), dated November 3, 2026, is a clinical report by Ms. Goodwin's treating psychologist. It sets out her date of birth, the date treatment began, the nature of the precipitating traumatic event, a diagnosis-level description of trauma-related symptoms, the results of a cognitive assessment, specific symptoms (including sleep impairment, panic episodes, and hyperarousal), her coping patterns, her prognosis, and a recommended reassessment schedule for her leave. This information is the very core of what HIPAA defines as individually identifiable health information, 45 C.F.R. § 160.103, and much of it is the type of mental-health information to which federal and Nevada law afford heightened protection.

**3. <u>Why Immediate Sealing Is Necessary</u>**

The Underlying Motion is time-sensitive because deadlines have passed, and the Court had provided Defendant's new counsel with a short extension of the deadlines in ECF No. 28. However, with that short deadline, and the missed opportunities, Defendant is unable to produce the requested witnesses prior to November 18, 2026. Defendant cannot present its excusable-

neglect showing without the Sealed Documents, yet filing them on the public docket would immediately and permanently expose Ms. Goodwin's mental health history to the public, the press, her professional community, and any person who runs an internet search of her name. Documents on CM/ECF are available instantly and are routinely captured by third party aggregation services; later sealing cannot recall them. Ms. Goodwin, a non-party who is presently on medical leave, has had no opportunity to be heard. Defendant has therefore lodged the Sealed Documents provisionally under seal pursuant to LR IA 10-5 and requests that the Court rule on this Motion before the Sealed Documents are made public.

## C. LEGAL STANDARD

### 1. <u>The Presumption of Access and the Two Standards</u>

There is a strong presumption in favor of public access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). That presumption is not absolute. *Nixon*, 435 U.S. at 598. A party seeking to seal a judicial record attached to a motion that is "more than tangentially related to the merits of a case" must show "compelling reasons" supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–1101 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79. Compelling reasons exist where court files might become "a vehicle for improper purposes," including to "gratify private spite" or "promote public scandal." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

For records attached to motions only tangentially related to the merits, the party need only show "good cause" under Rule 26(c). *Ctr. for Auto Safety*, 809 F.3d at 1097; *Kamakana*, 447 F.3d at 1179–80; *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). Good cause requires a particularized showing that specific prejudice or harm will result from disclosure. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Rule 26(c)(1) expressly authorizes orders protecting a person from "annoyance, embarrassment, [and] oppression," and Rule 5.2(d) permits the Court to order that a filing be made under seal without redaction. In either case, the Court should seal only what is necessary, and redaction is preferred to wholesale sealing where it

adequately protects the interest at stake. *See Kamakana*, 447 F.3d at 1183.

2. **The District of Nevada's Local Rules**

LR IA 10-5(a) provides that papers may be filed under seal only with leave of Court, and that a party seeking to seal must file a motion for leave to file under seal concurrently with the papers lodged under seal. Under LR IC 6-1, parties must also refrain from including or must redact certain personal identifiers, including dates of birth. Emergency motions are governed by LR 7-4, which requires a declaration setting forth the nature of the emergency, the contact information of affected counsel, and a certification of meet-and-confer efforts or the reasons such efforts were not possible.

The Underlying Motion seeks relief from deadlines, reopening of discovery, and relief from orders issued by this Court. To the extent it seeks scheduling or discovery relief, it is a nondispositive matter only tangentially related to the merits, and the good-cause standard governs. *Ctr. for Auto Safety*, 809 F.3d at 1097–99. Defendant recognizes, however, that if the Court views the Underlying Motion as seeking relief from orders that resolved merits issues, the compelling-reasons standard may apply. Defendant need not resolve the question, because, as shown below, the privacy interests here satisfy the more demanding compelling-reasons standard in any event. The Court may therefore grant this Motion under either standard.

**D. ARGUMENT**

1. **Ms. Goodwin's Mental-Health Information Is Entitled to the Highest Level of Privacy Protection**

a. **HIPAA reflects a strong federal policy protecting this exact information.**

The Health Insurance Portability and Accountability Act of 1996 and its implementing Privacy Rule, 45 C.F.R. Parts 160 and 164, establish a comprehensive federal scheme protecting individually identifiable health information. *See* 45 C.F.R. §§ 160.103, 164.502(a). Covered entities, including Dr. Barclay's practice, may disclose protected health information in judicial proceedings only under limited conditions, such as a court order or satisfactory assurances that a qualified protective order has been sought that limits use to the litigation and requires return or destruction of the information at its conclusion. 45 C.F.R. § 164.512(e)(1). The Privacy Rule singles out

psychotherapy notes for still greater protection, *id.* §§ 164.501, 164.508(a)(2), and Congress has attached criminal penalties to wrongful disclosure. 42 U.S.C. § 1320d-6.

Defendant acknowledges candidly that the Privacy Rule binds covered entities and their business associates, and that neither the Court nor the parties' counsel is a covered entity as to this information. HIPAA's significance here is not that it compels sealing of its own force, but that it embodies a clear congressional judgment that mental-health information of this kind is uniquely sensitive and should leave the clinical setting only under protective conditions. The Barclay Letter was provided by Ms. Goodwin's treating provider for the limited purpose of supporting her leave of absence, not for publication. Placing it on the public docket would defeat the very protections under which it was created, and courts routinely treat HIPAA-protected information as a compelling reason or good cause for sealing.

b. **Ms. Goodwin holds constitutional and common-law privacy interests in her medical information.**

The Constitution protects an individual's interest in avoiding disclosure of personal matters. *Whalen v. Roe*, 429 U.S. 589, 599–600 (1977); *In re Crawford*, 194 F.3d 954, 958 (9th Cir. 1999). The Ninth Circuit has held that this right extends to medical information, which is among the most sensitive categories of personal information. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998). The Supreme Court has likewise recognized that confidential communications between a psychotherapist and patient warrant special protection because disclosure "may cause embarrassment or disgrace." *Jaffee v. Redmond*, 518 U.S. 1, 10 (1996). Nevada law codifies the same policy through the psychologist-patient privilege. NRS 49.209. The common law also recognizes a tort for public disclosure of private facts, reflecting the long-standing view that publication of a person's medical condition is an actionable intrusion. *See* Restatement (Second) of Torts § 652D.

2. **These Interests Constitute Compelling Reasons, and Necessarily Good Cause, to Seal**

The need to protect medical privacy has repeatedly been found to be a compelling reason that overrides the public's right of access. Sealing here would prevent the Court's files from

becoming a vehicle for "public scandal" and embarrassment of a non-party, which *Kamakana* identifies as a paradigm compelling reason. 447 F.3d at 1179. The specific, particularized harms are concrete:

- Stigma and professional injury. Ms. Goodwin is a practicing attorney and shareholder with more than sixteen years of experience. Public disclosure of a detailed psychiatric history would follow her permanently in her professional community, with clients, opposing counsel, and courts, and could impair her return to practice.
- Clinical harm. Her treating psychologist reports that she is on active medical leave, that her prognosis is fair, and that her leave is subject to reassessment based on stabilization. Public exposure of her condition during treatment risks exacerbating the very condition that is being treated.
- Non-party status. Ms. Goodwin is not a party, did not choose to place her health at issue, and cannot waive or defend her privacy in this proceeding. The privacy interests of non-parties weigh especially heavily in the sealing analysis.
- Irreversibility. Once posted to CM/ECF, the information can be copied and republished instantly; no subsequent order can restore its confidentiality.

Defendant has also narrowly tailored its request. Defendant will file a public, redacted version of the Goodhart Declaration that preserves the procedural history, the Firm's discovery of the problems, and its corrective measures, while redacting only the passages describing Ms. Goodwin's diagnosis, symptoms, treatment, and medical history. The Barclay Letter, by contrast, is a clinical report that is medical information from start to finish and cannot be meaningfully redacted; it should be sealed in its entirety. In addition, the Barclay Letter contains Ms. Goodwin's full date of birth, which LR IC 6-1 and Rule 5.2(a) independently require be redacted from any public filing.

**3. <u>The Public Interest Is Fully Served Without Disclosure of the Sealed Material</u>**

Defendant recognizes the public's legitimate interest in understanding the basis on which courts grant or deny relief from deadlines, and in the conduct of attorneys who appear before the Court. That interest is satisfied here. The public record will reflect that deadlines were missed, that the responsible attorney took medical leave on October 15, 2026, that her caseload was reviewed and reassigned, and the relief Defendant seeks. The public's understanding of the Court's ruling does not depend on knowing the nature of Ms. Goodwin's diagnosis, the details of the 2017 event,

her cognitive-assessment results, or her prognosis. These details have no bearing on public health or safety, do not concern a public official, and do not illuminate the operation of the courts in any way that the redacted record does not. On the other side of the scale lies the permanent exposure of a non-party's mental-health history. The balance tips decisively in favor of sealing.

Nor will sealing prejudice Plaintiff. Plaintiff's counsel of record will have full access to the unredacted Sealed Documents and can respond fully to the Underlying Motion. The only limitation is on further dissemination outside the litigation.

**4. Future Filings Referencing Ms. Goodwin's PHI Should Likewise Be Sealed**

Because the Underlying Motion may generate an opposition, a reply, a hearing, and possibly further briefing, the same information is likely to be referenced again. To avoid serial sealing motions and inadvertent disclosure, Defendant requests a prospective order directing that any party who files a document disclosing or describing Ms. Goodwin's medical or mental-health information file it under seal, with a redacted public version, and that any hearing discussion of such information proceed in a manner the Court deems appropriate to protect it. This order is consistent with Rule 26(c)(1) and with the conditions the HIPAA Privacy Rule contemplates for a qualified protective order. 45 C.F.R. § 164.512(e)(1)(v).

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Defendant respectfully requests that the Court, on an emergency basis, enter the proposed order submitted herewith: (a) granting leave to file the Goodhart Declaration and the Barclay Letter under seal and directing the Clerk to maintain them under seal; (b) restricting access to the Sealed Documents to the Court, its personnel, and counsel of record for the parties; (c) accepting the redacted public version of the Goodhart Declaration for the public

///

///

///

///

///

///

docket; and (d) directing that any future filing referencing Ms. Goodwin's protected health information be filed under seal with a redacted public version.

DATED this 12th day of November, 2026.

THORNDAL ARMSTRONG, PC

*/s/ Philip Goodhart*

PHILIP GOODHART, ESQ.
Nevada Bar No. 5332
600 S. Las Vegas Blvd., Suite 400
Las Vegas, Nevada 89101
Attorneys for Defendant, NORDSTROM, INC.

**DECLARATION OF PHILIP GOODHART CERTIFYING EMERGENCY (LR 7-4)**

I, PHILIP GOODHART, ESQ., declare as follows:

1. I am an attorney licensed in Nevada and counsel of record for Defendant Nordstrom. I have personal knowledge of the facts stated herein.
2. Nature of the emergency. Defendant must file the Goodhart Declaration and the Barclay Letter in support of its Underlying Motion on an expedited/emergency basis due to the November 18, 2026 deadline set in ECF No. 28. Those documents disclose the mental-health diagnosis, treatment, and prognosis of non-party attorney Meghan M. Goodwin, Esq. If the Court does not rule on sealing before they are made public, the information will be irreparably disclosed. The emergency was not created by Defendant; it arose from Ms. Goodwin's medical leave commencing October 15, 2026, and the subsequent review of her files.
3. Contact information. Counsel for Plaintiff: Troy K. Flake, Esq., FLAKE & FLAKE, 8905 Pecos Rd, Suite 23B, Henderson, Nevada 89074; (702) 818-1800; troy@flakeandflake.com. Counsel for Defendant: Philip Goodhart, Esq. THORNDAL ARMSTRONG; 600 S. Las Vegas Blvd. Suite 400; Las Vegas, NV 89101; (702) 366-0622.
4. Meet and confer. On November 6, 2026, I telephoned Plaintiff's counsel, Troy Flake, to discuss the pending deadline and the filing of the Underlying Motion, and advised him that it would be necessary to seal certain documents and information. Mr. Flake did not object to the proposal.
5. Service. I will serve this Motion on Plaintiff's counsel by CM/ECF and by email on November 12, 2026, and will provide a courtesy copy of this Motion to Ms. Goodwin through the Firm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 12, 2026.

*/s/ Philip Goodhart*

PHILIP GOODHART, ESQ.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of November, 2026, service of the above and foregoing **Defendant, Nordstrom, Inc.'s Emergency Motion to Seal Declarations and Documents in Support of Emergency Motion to Reopen Discovery** was made upon each of the parties via electronic service through the Court's electronic filing and service system.

Troy K. Flake, Esq.
Jordan M. Flake, Esq.
Flake & Flake
8905 S. Pecos Road, Suite 23B
Henderson, Nevada 89074
Attorneys for Plaintiffs
troy@flakeandflake.com

*/s/ Karen Berk*

An employee of THORNDAL ARMSTRONG, PC

PHILIP GOODHART, ESQ.
Nevada Bar No. 5332
THORNDAL ARMSTRONG, PC
600 S. Las Vegas Blvd., Suite 400
Las Vegas, Nevada 89101
Tel.: (702) 366-0622
Fax: (702) 366-0327
png@thorndal.com
png@thorndal.com

Attorneys for Defendant,
NORDSTROM, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LACOSTA TUCKER, an individual; and CALI TUCKER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NORDSTROM, INC., a Foreign Corporation; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:25-cv-02316<br><br>**PROPOSED ORDER ON DEFENDANT, NORDSTROM, INC.'S EMERGENCY MOTION TO SEAL DECLARATIONS AND DOCUMENTS IN SUPPORT OF EMERGENCY MOTION TO REOPEN DISCOVERY** |

Before the Court is Defendant Nordstrom's Emergency Motion for Leave to File Under Seal (ECF No. ___). Having considered the Motion and the record, the Court finds that the Declaration of Philip Goodhart and the November 3, 2026, Leave of Absence Letter of Beverly Barclay, Ph.D. contain the confidential medical and mental-health information of non-party Meghan M. Goodwin, Esq., including information protected under HIPAA, 45 C.F.R. Parts 160 and 164. The Court finds that Ms. Goodwin's privacy interest in that information constitutes compelling reasons, and therefore also good cause, that outweigh the public's interest in access, and that the public's interest is adequately served by the redacted public filing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–1101 (9th Cir. 2016).

///

///

IT IS THEREFORE ORDERED that the Motion (ECF No. ___) is GRANTED, as follows:

1. Sealing. The Clerk of Court shall file and maintain UNDER SEAL the unredacted Declaration of Philip Goodhart (ECF No. ___) and the November 3, 2026, Leave of Absence Letter of Beverly Barclay, Ph.D. (ECF No. ___). The redacted Declaration of Philip Goodhart (ECF No. ___) shall remain on the public docket.

2. Restricted Access. Access to the sealed documents is limited to the Court, its personnel, and counsel of record for the parties. Counsel shall use the information solely for purposes of this litigation, shall not disclose it to any other person except as necessary to prosecute or defend this action, and shall return or destroy all copies at the conclusion of the litigation, consistent with 45 C.F.R. § 164.512(e)(1)(v).

3. Future Filings. Any party filing a document that discloses or describes the medical, psychological, or health information of Meghan M. Goodwin, Esq. shall file the unredacted document under seal pursuant to LR IA 10-5 and this Order, without the need for a further motion to seal, and shall concurrently file a redacted version on the public docket.

IT IS SO ORDERED.

DATED: ____________________

______________________________
UNITED STATES DISTRICT JUDGE