PHILIP GOODHART, ESQ.
Nevada Bar No. 5332
THORNDAL ARMSTRONG, PC
600 S. Las Vegas Blvd., Suite 400
Las Vegas, Nevada 89101
Tel.: (702) 366-0622
Fax: (702) 366-0327
png@thorndal.com
png@thorndal.com

Attorneys for Defendant,
NORDSTROM, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LACOSTA TUCKER, an individual; and CALI TUCKER, an individual,<br><br>Plaintiffs,<br>vs.<br><br>NORDSTROM, INC., a Foreign Corporation; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:25-cv-02316<br><br>**DEFENDANT, NORDSTROM, INC.'S EMERGENCY MOTION TO REOPEN DISCOVERY FOR NINETY (90) DAYS** |

COMES NOW Defendant, NORDSTROM, INC., by and through its counsel of record, the law firm of THORNDAL ARMSTRONG, PC, and hereby moves on an emergency basis, pursuant to Fed. R. Civ. P. 6(b)(1)(B) and 16(b)(4), and LR IA 6-1, LR 7-4, and LR 26-3, for an order extending the deposition discovery deadline to January 30, 2027 and modifying the Court's scheduling order accordingly.

This Motion is based upon the following Memorandum of Points and Authorities; the Declaration of Philip Goodhart (Exhibit 1); the November 3, 2026 letter of Beverly Barclay, Ph.D. (Exhibit 2); the Declaration of Anne M. Umberger (Exhibit 3); the Declaration of Counsel Regarding Emergency (Exhibit 4); the papers and pleadings on file; and any argument the Court may entertain.

///

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Nordstrom seeks a modest extension of the deposition only discovery period for reasons wholly outside its control. Nordstrom's lead counsel, Meghan M. Goodwin, Esq., was experiencing a serious, documented medical condition that ultimately required a medical leave of absence commencing October 15, 2026. (Ex. 1, ¶ 6.) (as set forth more fully in the Unredacted Declaration of Philip Goodhart, filed concurrently under seal; Ex. 2.) During the period preceding that leave, the Court's Order setting a September 25, 2026, deadline for depositions (ECF No. 23) was never transmitted to Nordstrom. (Ex. 1, ¶ 17.) Nordstrom did not intentionally disregard any order of this Court. (Id. ¶ 18.) It now asks only that the depositions proceed on a realistic schedule after the retail holiday season, when its witnesses can be made available.

## PROCEDURAL AND FACTUAL BACKGROUND

### A. <u>The September 25, 2026 Deposition Deadline</u>

On August 20, 2026, Magistrate Judge Couvillier heard the parties' Fourth Stipulation Regarding Discovery Dispute (ECF No. 21), at which Ms. Goodwin appeared for Nordstrom. (ECF No. 23.) The Court granted the stipulation in part, extended discovery until September 25, 2026, limited the extension to depositions only, and ordered Nordstrom first to produce for deposition its Rule 30(b)(6) designee(s), Mike Ko, Amanda Pietsch, and Lisa Sakaio, after which Nordstrom could take up to four depositions. (Id.) The Court set dispositive motions for October 26, 2026, and the Proposed Joint Pretrial Order for November 30, 2026. (Id.) Notice of ECF No. 23 was electronically served on Ms. Goodwin. (Id.)

### B. <u>Ms. Goodwin's Medical Condition and Leave of Absence</u>

Ms. Goodwin, a shareholder of Thorndal Armstrong with more than sixteen years of civil litigation experience, was responsible for managing a substantial litigation caseload, communicating with clients and opposing counsel, coordinating discovery, and ensuring compliance with court-imposed deadlines; at the time she requested leave, she was responsible for more than one hundred active matters. (Ex. 1, ¶ 3.) In late September 2026, the Firm learned of Ms. Goodwin's health-related circumstances and began discussions with her concerning an extended medical leave of

absence; at that time the Firm did not fully appreciate the extent to which her condition had affected her ability to manage her professional responsibilities. (Id. ¶ 4) (as set forth more fully in the Unredacted Declaration of Philip Goodhart, filed concurrently under seal). Ms. Goodwin commenced her medical leave of absence on October 15, 2026. (Id. ¶ 6.) The nature of Ms. Goodwin's condition, its history, its effect on her professional functioning, and her treating provider's recommendations regarding the timing and anticipated duration of leave are described in Exhibit 2 and in paragraphs 5 through 9 of the Unredacted Declaration, both filed concurrently under seal. (Ex. 1, ¶¶ 5–9; Ex. 2.)

**C. <u>Discovery of the Failure to Transmit the Deadline</u>**

The Firm began identifying and reassigning Ms. Goodwin's active files on or about October 1, 2026, and, beginning approximately October 15, 2026, Mr. Goodhart undertook a detailed review of her email communications, calendar, task lists, docket notifications, and outstanding obligations concerning the Nordstrom files. (Ex. 1, ¶¶ 10–11.) That review identified missed deadlines, outstanding discovery obligations, and failures to respond to communications, including the failure to notify Nordstrom of ECF No. 23 requiring its depositions to be completed by September 25, 2026. (Id. ¶¶ 12, 17.) The difficulties were not isolated: similar issues appeared across multiple client files handled solely by Ms. Goodwin during the same general period. (Id. ¶ 13) (as set forth more fully in the Unredacted Declaration of Philip Goodhart, filed concurrently under seal). Mr. Goodhart found no indication that Nordstrom intentionally disregarded any order, directed counsel not to respond to discovery, or sought to obstruct the proceedings. (Id. ¶ 18.)

**D. <u>The Court's November 2, 2026 Order</u>**

On November 2, 2026, the Court granted in part the parties' stipulation on discovery dispute (ECF No. 27), granted Defendant's request for a limited extension of discovery to November 18, 2026, and granted the parties' joint request to extend the dispositive motion and joint pretrial order deadlines. (ECF No. 28.) The Court also awarded Plaintiffs reasonable expenses associated with the meet-and-confer process concerning the depositions of the corporate representative, Mr. Ko, Ms. Pietsch, and Ms. Sakaio. (Id.)

///

**E. <u>Nordstrom's Holiday Store Quiet Period</u>**

Nordstrom operates hundreds of stores in the United States, and the holiday season is the busiest and most competitive time of its year. (Ex. 3, ¶ 2.) Its annual Holiday Store Quiet Period, a recurring business practice and not a response to this litigation, began November 6, 2026, and runs through January 3, 2027. (Id. ¶¶ 3–4.) The likely deponents play essential holiday roles, and Nordstrom will make its witnesses available promptly after January 3, 2027. (Id. ¶¶ 6–7.)

## STATEMENT OF EMERGENCY (LR 7-4)

Emergency treatment is warranted because the current deposition deadline of November 18, 2026, will expire before this Motion can be resolved on the ordinary briefing schedule, and the Court-ordered depositions cannot be completed by that date for the reasons stated herein. Counsel's declaration regarding the nature of the emergency and meet-and-confer efforts is attached as Exhibit 4.

## LEGAL STANDARD

When an act must be done within a specified time, the court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good-cause inquiry focuses primarily on the diligence of the party seeking amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Under LR 26-3, a motion to extend a discovery deadline must be filed at least 21 days before the deadline and must include a statement of completed discovery, a description of remaining discovery, the reasons it was not completed, and a proposed schedule; a request made within 21 days of the deadline must be supported by good cause, and a request made after the deadline must also demonstrate excusable neglect. Rule 6(b)(1) is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010).

Excusable neglect is an equitable determination governed by four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of

the movant; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (applying Pioneer to the Federal Rules of Civil Procedure); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

## ARGUMENT

### A. Excusable Neglect Supports Relief from the Expired September 25, 2026, Deadline

#### 1. Danger of prejudice to Plaintiffs is minimal.

The requested extension is limited to depositions already ordered by the Court; it does not reopen written discovery or alter the scope of the case. Plaintiffs will obtain the very depositions they sought, the Rule 30(b)(6) designee(s), Mr. Ko, Ms. Pietsch, and Ms. Sakaio. (ECF No. 23.) The Court has already compensated Plaintiffs for expenses incurred in the meet and confer process regarding those depositions. (ECF No. 28.) Mere delay, without more, does not constitute prejudice. *See Bateman*, 231 F.3d at 1225. Nordstrom also does not oppose a reciprocal adjustment of remaining dates so that no party is disadvantaged.

#### 2. The length of delay is modest and its impact on the proceedings is limited.

Nordstrom requests an extension to January 30, 2027, a period of weeks beyond the end of the Holiday Store Quiet Period on January 3, 2027. (Ex. 3, ¶¶ 4, 7.) No trial date has been set, and the Court has already extended the dispositive motion and joint pretrial order deadlines. (ECF No. 28.) Nordstrom proposes a corresponding adjustment of those dates, which will not materially disrupt the Court's docket.

#### 3. The reason for the delay was outside Nordstrom's reasonable control.

Nordstrom did not miss the September 25, 2026, deadline through any choice of its own; it was never informed of it. (Ex. 1, ¶ 17.) The failure to transmit the deadline arose during a documented period of medical impairment affecting counsel, involving recurring problems with communication, organization, planning, and completion of litigation-related tasks. (Id. ¶¶ 14–15) (as set forth more fully in the Unredacted Declaration of Philip Goodhart, filed concurrently under seal; Ex. 2.) The same pattern appeared across multiple clients and files, confirming that these were not isolated incidents or a deliberate litigation strategy in this case. (Ex. 1, ¶¶ 13, 23.) Courts in the

Ninth Circuit have recognized that counsel's serious illness may support a finding of excusable neglect. Although a client is generally bound by counsel's conduct, the *Pioneer* inquiry remains equitable and takes account of all relevant circumstances. *Pioneer*, 507 U.S. at 395–97.

**4. <u>Nordstrom and its counsel have acted in good faith</u>.**

Upon learning of Ms. Goodwin's condition, the Firm promptly reviewed dockets and deadlines, communicated with affected clients, identified outstanding obligations, and reassigned matters. (Ex. 1, ¶¶ 10–11, 19.) Within days, Nordstrom sought and obtained a limited extension. (ECF No. 28.) There is no indication of intentional disregard of any Court order. (Ex. 1, ¶ 18.) The Firm remains committed to completing the outstanding discovery and complying with any reasonable conditions the Court imposes. (Id. ¶ 25.) All four Pioneer factors weigh in favor of relief.

**B. <u>Ms. Goodwin's Medical Condition Constitutes Good Cause Under Rule 16(b)(4)</u>**

Good cause exists where a schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The diligence failure here was not Nordstrom's; it arose from a medical condition affecting its counsel that ultimately required a leave of absence commencing October 15, 2026. (Ex. 1, ¶¶ 6, 21) (as set forth more fully in the November 3, 2026 letter of Ms. Goodwin's treating provider, Exhibit 2, filed concurrently under seal). The anticipated duration of that leave is addressed in Exhibit 2, filed under seal. (Ex. 2.) The Firm did not appreciate the full extent of the outstanding obligations until it reviewed and reassigned Ms. Goodwin's caseload in connection with her leave. (Ex. 1, ¶¶ 10–11, 16.) Since discovering the problem, the Firm has acted diligently and moved promptly for relief. (Id. ¶ 19; ECF No. 28.) These extraordinary circumstances constitute good cause, and, to the extent required by LR 26-3, excusable neglect, for modifying the scheduling order.

**C. <u>The Unavailability of Nordstrom's Deponents During the Holiday Season Is Additional Good Cause</u>**

Independent of counsel's illness, the November 18, 2026, deadline cannot reasonably be met because Nordstrom's witnesses are unavailable during the peak retail season. The holiday period is Nordstrom's busiest and most competitive time of year, and its Holiday Store Quiet

Period runs from November 6, 2026, through January 3, 2027. (Ex. 3, ¶¶ 2, 4.) During that period, employees across all departments are dedicated to holiday operations. (Id. ¶ 5.) Deposition preparation and attendance would remove essential personnel from critical duties for one or more full days and disrupt operations at the most critical time of year. (Id. ¶ 6.) The Quiet Period is a recurring business practice, not a litigation tactic. (Id. ¶ 4.) Nordstrom is prepared to schedule the depositions promptly after January 3, 2027. (Id. ¶ 7.)

**D. <u>LR 26-3 Statement</u>**

**Discovery completed:**

1. Written discovery, consisting of Interrogatories, Requests for Production of Documents and Requests for Admission have been exchanged;
2. F.R.C.P. 26(a)(1) Disclosures, and supplements, have been made, consisting of over 1,700 pages by Plaintiff and over 3,400 pages by Defendant;
3. Initial and Rebuttal Expert Witness Disclosures have been made;
4. Plaintiffs' depositions have been completed;
5. Defendant's retained liability expert has been deposed

**Discovery remaining:**

Depositions of Nordstrom's Rule 30(b)(6) designee(s), Mike Ko, Amanda Pietsch, and Lisa Sakaio; thereafter, up to four depositions to be taken by Nordstrom. (ECF No. 23.)

**Reasons discovery was not completed:**

As set forth in Sections II and V above.

**Proposed schedule:**

| **Event** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Deposition discovery cutoff | November 18, 2026 | **January 30, 2027** |
| Dispositive motions | [PER ECF No. 28] | [30 days after new cutoff] |
| Joint Pretrial Order | [PER ECF No. 28] | [30 days after dispositive motions, or suspended per LR 26-1(b)(5)] |

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Nordstrom respectfully requests that the Court: (1) find excusable neglect and good cause under Fed. R. Civ. P. 6(b)(1)(B) and 16(b)(4) and LR 26-3; (2) extend the deposition discovery deadline to January 30, 3037; (3) modify the scheduling order to adjust the dispositive motion and joint pretrial order deadlines as set forth above; and (4) grant such further relief as the Court deems just.

DATED this 12th day of November, 2026.

THORNDAL ARMSTRONG, PC

*/s/ Philip Goodhart*

PHILIP GOODHART, ESQ.
Nevada Bar No. 5332
600 S. Las Vegas Blvd., Suite 400
Las Vegas, Nevada 89101
Attorneys for Defendant, NORDSTROM, INC.

**INDEX OF EXHIBITS**

| Exhibit | Description |
|---|---|
| 1 | Declaration of Philip Goodhart in Support of Request for Relief Based Upon Excusable Neglect — Redacted Public Version (attached) |
| 1-A | Declaration of Philip Goodhart in Support of Request for Relief Based Upon Excusable Neglect — Unredacted Version (filed concurrently under seal per LR IA 10-5) |
| 2 | Letter of Ms. Goodwin's treating provider dated November 3, 2026 (filed concurrently under seal per LR IA 10-5) |
| 3 | Declaration of Anne M. Umberger |
| 4 | Declaration of Counsel Regarding Emergency (LR 7-4) |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of November, 2026, service of the above and foregoing **Defendant, Nordstrom, Inc.'s Emergency Motion to Reopen Discovery for Ninety (90) Days** was made upon each of the parties via electronic service through the Court's electronic filing and service system.

Troy K. Flake, Esq.
Jordan M. Flake, Esq.
Flake & Flake
8905 S. Pecos Road, Suite 23B
Henderson, Nevada 89074
Attorneys for Plaintiffs
troy@flakeandflake.com

*/s/ Karen Berk*

An employee of THORNDAL ARMSTRONG, PC