THORNDAL
ARMSTRONG
ATTORNEYS

A PROFESSIONAL CORPORATION
www.thorndal.com

# EXHIBIT 1

## GOODHART DECLARATION

EXHIBIT 1

**REDACTED VERSION — UNREDACTED VERSION LODGED UNDER SEAL PURSUANT TO LR IA 10-5**

**DECLARATION OF PHILIP GOODHART IN SUPPORT OF REQUEST FOR RELIEF BASED UPON EXCUSABLE NEGLECT**

**REDACTED PUBLIC VERSION**

I, Philip Goodhart, under penalty of perjury, declares and says:

1. I am an attorney licensed to practice law in Nevada and before this Court, and am the President of Thorndal Armstrong, P.C. (the "Firm"). I submit this Declaration in support of Defendant Nordstrom's request for relief arising from missed deadlines and outstanding discovery obligations during the period in which Meghan M. Goodwin, Esq., was principally responsible for this matter.

2. The facts concerning my own actions and the Firm's response are based upon personal knowledge. Information regarding Ms. Goodwin's medical circumstances is based upon information communicated to the Firm in a November 3, 2026 letter from **[REDACTED]**, which is filed under seal as Exhibit A. Information regarding the procedural history is based upon my review of the Firm's files, correspondence, and court records.

**Ms. Goodwin's Medical Circumstances**

3. Ms. Goodwin has been a practicing civil litigation attorney for more than sixteen (16) years and is a shareholder of the Firm. Her responsibilities included managing a substantial litigation caseload, communicating with clients and opposing counsel, coordinating discovery, and ensuring compliance with court-imposed deadlines. At the time she requested her leave of absence, Ms. Goodwin was responsible for more than one hundred (100) active matters. **[REDACTED]**.

4. In late September 2026, the Firm learned that Ms. Goodwin **[REDACTED]** and began discussions with her concerning an extended medical leave of absence. At that time, during

those initial discussions, we did not fully appreciate **[REDACTED]** or the extent to which it had affected her ability to manage her professional responsibilities.

5. **[REDACTED]**
6. **[REDACTED]** Ms. Goodwin ultimately commenced her medical leave of absence on October 15, 2026.
7. **[REDACTED]**
8. **[REDACTED]**
9. **[REDACTED]** The Firm did not fully appreciate the seriousness of these circumstances while they were occurring.

**Discovery of Problems Across Multiple Matters**

10. Upon learning that Ms. Goodwin would require an extended leave, the Firm began discussing with her, and reviewing, her active caseload and arranging for other attorneys to assume responsibility for those matters.
11. On or about October 1, 2026, the Firm began identifying and reassigning Ms. Goodwin's active files. Beginning approximately October 15, 2026, I undertook a more detailed review of her email communications, calendar, task lists, docket notifications, and outstanding obligations concerning he files with Defendant Nordstrom.
12. That review identified issues with missed deadlines, outstanding discovery obligations, failures to respond to communications, or other matters requiring corrective attention.
13. Importantly, the difficulties identified in this action were not isolated. Similar issues appeared across multiple client files being handled solely by Ms. Goodwin during the same general period **[REDACTED]**.
14. This broader pattern is significant because the problems were not confined to a single case, opposing counsel, or discovery dispute. Rather, the difficulties involved recurring problems

with communication, organization, planning, and completion of litigation related tasks **[REDACTED]**.

15. Based upon my review of the files and **[REDACTED]**, I believe these circumstances are consistent with a significant deterioration in Ms. Goodwin's ability to manage her litigation responsibilities. The problems identified across multiple matters appear to have developed during the period **[REDACTED]**, rather than arising from an intentional decision to disregard any particular Court Order or discovery obligation.

16. The Firm did not appreciate the full extent of these difficulties until we began reviewing and reassigning Ms. Goodwin's caseload in connection with her medical leave. Although the Firm was aware that she needed to step away from her practice, the nature and extent of the outstanding obligations became apparent only through the subsequent review of her files.

17. With respect to the present action, my review identified the following outstanding matters: (1) late discovery responses resulting in monetary sanctions being issued; (2) failure to notify Nordstrom of ECF No. 23 requiring that Nordstrom depositions be completed by September 25, 2026.

18. Based upon the information available to me, I have found no indication that Nordstrom intentionally disregarded any Court Order, directed counsel not to respond to discovery, or otherwise sought to obstruct the proceedings.

**The Firm's Response and Corrective Measures**

19. Once the Firm began identifying these issues, we undertook efforts to protect the interests of the affected clients, including reviewing court dockets and pending deadlines, communicating with clients, identifying outstanding discovery obligations, and arranging for the reassignment or transition of matters to other counsel.

20. The Firm recognizes the importance of complying with Court Orders, meeting discovery obligations, and maintaining timely communication with opposing counsel and clients. We also recognize that the circumstances described above may have caused inconvenience and additional work for the parties and the Court. Nothing in this Declaration is intended to minimize those concerns.

21. Nevertheless, I respectfully submit that these are extraordinary circumstances. We are dealing with an experienced attorney who **[REDACTED]**.

22. **[REDACTED]**

23. The fact that similar difficulties occurred across multiple clients and files being handled by Ms. Goodwin further supports the conclusion that these were not isolated incidents or a deliberate litigation strategy in this particular case. Rather, they arose during a documented period **[REDACTED]** that the Firm did not fully understand until Ms. Goodwin's medical leave became necessary and a comprehensive review of her caseload was undertaken.

24. The Firm is not asking the Court to disregard its scheduling requirements or excuse intentional misconduct. Rather, we respectfully request that the Court consider the documented medical circumstances, the broader pattern of difficulties identified during the relevant period, the absence of intentional noncompliance by Nordstrom, and the corrective measures undertaken by the Firm upon discovering the extent of the outstanding obligations.

25. The Firm and I remain committed to completing the outstanding discovery, cooperating with opposing counsel, and complying with any reasonable conditions the Court considers appropriate to address the consequences of the delay.

26. I respectfully request that the Court consider these circumstances in determining whether good cause and excusable neglect warrant the requested relief.

I declare under penalty of perjury under the law of the State of Nevada that the contents of the foregoing are true and correct.

Executed on November 12, 2026.

*/s/ Philip Goodhart*

PHILIP GOODHART, ESQ.