THORNDAL
ARMSTRONG
ATTORNEYS

A PROFESSIONAL CORPORATION
www.thorndal.com

# EXHIBIT 4

## DECLARATION OF COUNSEL REGARDING EMERGENCY

EXHIBIT 4

**DECLARATION OF PHILIP GOODHART, ESQ. IN SUPPORT OF EMERGENCY MOTION TO EXTEND DEPOSITION DISCOVERY DEADLINE AND MODIFY SCHEDULING ORDER (LR 7-4)**

I, PHILIP GOODHART, declare as follows:

1. I am an attorney licensed to practice law in the State of Nevada and before this Court, Nevada Bar No. 5332. I am the President of Thorndal Armstrong, PC (the "Firm"), counsel of record for Defendant Nordstrom, Inc. ("Nordstrom") in this action. I make this declaration pursuant to LR 7-4 in support of Nordstrom's Emergency Motion to Extend Deposition Discovery Deadline and Modify Scheduling Order (the "Motion"). Except as otherwise stated, I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

**Nature of the Emergency**

2. On November 2, 2026, the Court granted Nordstrom's request for a limited extension of discovery. (ECF No. 28.) The current deposition discovery deadline is November 18, 2026.
3. The Motion cannot be resolved on the ordinary briefing schedule under LR 7-2 before that deadline expires. If relief is not granted before November 18, 2026, the Court-ordered depositions of Nordstrom's Rule 30(b)(6) designee(s), Mike Ko, Amanda Pietsch, and Lisa Sakaio, and the up to four depositions Nordstrom is permitted to take thereafter (ECF No. 23), cannot be completed. Nordstrom would then face the loss of discovery to which it is entitled, potential sanctions, and prejudice to its ability to defend this action on the merits, harm that cannot be remedied after the deadline passes.
4. The circumstances giving rise to the emergency were not created by Nordstrom or by the Firm's attorneys now responsible for this matter. As described below, the need for relief became apparent only after the Firm's review of this file following the commencement of Ms. Goodwin's medical leave.

**Meet-and-Confer Efforts**

5. On Friday, November 6, 2026, I contacted Plaintiffs' counsel, Troy Flake, Esq., by telephone to meet and confer regarding the relief requested in the Motion, including a proposed

deposition discovery deadline of January 30, 2027.

6. Plaintiffs' counsel opposed the relief requested. Counsel indicated that sufficient extensions had been granted.

7. The contact information for Plaintiffs' counsel, as required by LR 7-4(a)(2), is: Troy Flake, Esq., troy@flakeandflake.com, (702) 818-1800

**Ms. Goodwin's Medical Leave of Absence**

8. Until her leave, Meghan M. Goodwin, Esq., a shareholder of the Firm, was principally responsible for this matter. At the time she requested leave, she was responsible for more than one hundred active matters.

9. In late September 2026, the Firm learned of Ms. Goodwin's health-related circumstances and began discussions with her concerning an extended medical leave of absence. Ms. Goodwin commenced her medical leave of absence on October 15, 2026. A November 3, 2026, letter from Ms. Goodwin's treating provider documenting the leave is Exhibit 2 to the Motion and is filed concurrently under seal.

10. During the period preceding her leave, Ms. Goodwin's active matters, including this case, were not properly monitored or calendared, as set forth more fully in the Unredacted Declaration of Philip Goodhart, filed concurrently under seal.

**Discovery of the Missed Deadline**

11. On or about October 1, 2026, the Firm began identifying and reassigning Ms. Goodwin's active files. Beginning approximately October 15, 2026, I undertook a detailed review of her email communications, calendar, task lists, docket notifications, and outstanding obligations concerning the Nordstrom files.

12. Through that review, I discovered that Nordstrom had not been notified of the Court's August 20, 2026 Order (ECF No. 23) requiring that Nordstrom's depositions be completed by September 25, 2026, and that no depositions had been scheduled. I have found no indication that Nordstrom intentionally disregarded any Court Order or sought to obstruct the proceedings.

13. These facts are set forth in my Declaration, the Redacted Public Version of which is Exhibit 1 to the Motion. The unredacted version is filed concurrently under seal.

**Good Faith**

14. The Motion is not filed for the purpose of delay or for any improper purpose. Upon discovering the issues described above, the Firm promptly reviewed dockets and deadlines, communicated with Nordstrom, and sought relief from the Court. Nordstrom has acted in good faith throughout this litigation, and the Firm and Nordstrom remain committed to completing the outstanding discovery and complying with any reasonable conditions the Court may impose.

**Proposed New Deadline**

15. Nordstrom proposes a new deposition discovery deadline of January 30, 2027.

16. Nordstrom's annual Holiday Store Quiet Period began November 6, 2026, and runs through January 3, 2027. Nordstrom's witnesses will be made available following the end of the Quiet Period, and Nordstrom is prepared to work cooperatively with Plaintiffs' counsel to schedule the depositions promptly after January 3, 2027, as set forth in the Declaration of Anne M. Umberger, Exhibit 3 to the Motion.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 12th day of November, 2026, at Las Vegas, Nevada.

*/s/ Philip Goodhart*

PHILIP GOODHART, ESQ.