TROY K. FLAKE, ESQ.
Nevada Bar No. 16859
JORDAN M. FLAKE, ESQ.
Nevada Bar No. 10583
**FLAKE & FLAKE, ATTORNEYS AT LAW**
8905 S. Pecos Rd., Ste. 23B
Henderson, NV 89074
Telephone (702) 818-1800
Attorneys for Plaintiffs
jordan@flakeandflake.com
troy@flakeandflake.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LACOSTA TUCKER, an individual; and CALI TUCKER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NORDSTROM, INC., a Foreign Corporation; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:25-cv-02316-CDS-MDC<br><br>**DECLARATION OF TROY FLAKE REGARDING FEES** |

I, Troy K. Flake, declare as follows:

I am an attorney with the law firm of Flake & Flake and am counsel for Plaintiffs LaCosta Tucker and Cali Tucker ("Plaintiffs").

I hereby submit this Declaration of Fees pursuant to LR 54-14 and the Court's November 2, 2026 Order. ECF No. 28.

## I. BACKGROUND

On August 20, 2026, the Court extended discovery to September 25, 2026, for depositions and ordered Defendant to first produce its Rule 30(b)(6) designee, Mike Ko, Amanda Pietsch, and Lisa Sakaio (the "Four Witnesses") for deposition by Plaintiffs. ECF No. 23.

Plaintiffs noticed the depositions of the Four Witnesses for September 23 and 24, 2026. On

September 22, 2026, Defendant's counsel advised that the witnesses would not attend. Defendant did not provide alternative dates before discovery closed on September 25, 2026. ECF No. 27 at 2–3.

After further meet-and-confer efforts, the parties filed a Stipulation Regarding Discovery Dispute on October 8, 2026. ECF No. 27. On November 2, 2026, the Court granted Plaintiffs' request for "reasonable expenses incurred in connection with the meet-and-confer process regarding the depositions" of the Four Witnesses "and the preparation of this Discovery Dispute Stipulation," and ordered Plaintiffs to file a declaration supporting the amount of their expenses by November 16, 2026. ECF No. 28 at 5, 7.

## II. FEES

Plaintiffs request $1,930.50 in fees. Local Rule 54-14 sets forth certain factors for this Court's consideration in determining an award of attorneys' fees.

### A. Itemization and Description of Work Performed

Billing entries for the work performed in connection with the meet-and-confer process regarding the depositions of the Four Witnesses and the preparation of the Stipulation Regarding Discovery Dispute are set forth in the table below. I have reviewed and edited the billing entries, and the fees charged are reasonable.

| Date | Description | Hours | Rate / Amount |
|---|---|---|---|
| 08/26/2026 | Receive email from M. Goodwin requesting proposed dates for the four Nordstrom depositions. | 0.1 | $495.00 |
| 08/27/2026 | Email to M. Goodwin and K. Berk proposing September 14 and 15, 2026, at 10:00 AM and 1:00 PM for the four depositions. | 0.1 | $495.00 |
| 09/06/2026 | Email to M. Goodwin and K. Berk following up on proposed deposition dates; no response received. | 0.1 | $495.00 |
| 09/11/2026 | Email to M. Goodwin and K. Berk requesting dates for defendant's witnesses; advising September 23 and 24 are available. | 0.1 | $495.00 |

| | | | |
|---|---|---|---|
| 09/15/2026 | Email to M. Goodwin and K. Berk transmitting notices of deposition for September 23 and 24; offering to work with defendant on dates. | 0.1 | $495.00 |
| 09/21/2026 | Email to M. Goodwin requesting confirmation of witness attendance at noticed depositions. | 0.1 | $495.00 |
| 09/22/2026 | Receive email from M. Goodwin advising she is confirming witness attendance. | 0.1 | $495.00 |
| 09/22/2026 | Telephone conference with M. Goodwin regarding witnesses' failure to attend September 23 depositions. | 0.2 | $495.00 |
| 09/22/2026 | Email to M. Goodwin and K. Berk confirming telephone conference; asking whether September 24 depositions are also cancelled; discussing stipulation for depositions after close of discovery; requesting proposed dates. | 0.2 | $495.00 |
| 09/23/2026 | Email to M. Goodwin requesting confirmation that September 24 depositions are not going forward. | 0.1 | $495.00 |
| 09/23/2026 | Receive email from M. Goodwin advising she is still trying to firm up dates. | 0.1 | $495.00 |
| 09/29/2026 | Email to M. Goodwin and K. Berk asking whether dates have been obtained for the four witnesses. | 0.1 | $495.00 |
| 09/30/2026 | Email to M. Goodwin and K. Berk requesting meet-and-confer conference. | 0.1 | $495.00 |
| 10/05/2026 | Draft stipulation regarding discovery dispute; email to M. Goodwin and K. Berk transmitting draft stipulation and requesting meet-and-confer conference. | 0.7 | $495.00 |
| 10/06/2026 | Email to P. Goodhart, M. Goodwin, and K. Berk requesting meet-and-confer conference regarding deposition dispute; transmitting draft stipulation. | 0.1 | $495.00 |
| 10/06/2026 | Receive email from P. Goodhart advising availability for meet-and-confer conference October 7 after 1:30 PM. | 0.1 | $495.00 |
| 10/07/2026 | Meet-and-confer telephone conference with P. Goodhart regarding depositions and stipulation. | 0.2 | $495.00 |
| 10/07/2026 | Email to P. Goodhart transmitting the Court's standing order. | 0.1 | $495.00 |
| 10/08/2026 | Review P. Goodhart's redlined revisions to stipulation; revise stipulation; email to P. Goodhart and K. Berk transmitting revisions. | 0.3 | $495.00 |
| 10/08/2026 | Finalize and file Stipulation Regarding Discovery Dispute (ECF No. 27). | 0.3 | $495.00 |
| 11/02/2026 | Review Order regarding Stipulation Regarding Discovery Dispute (ECF No. 28). | 0.1 | $495.00 |
| 11/16/2026 | Prepare Declaration of Fees. | 0.5 | $495.00 |
| | **TOTAL** | **3.9** | **$1,930.50** |

**B. The Results Obtained and Amount Involved**

Plaintiffs obtained an order compelling the Four Witnesses to appear for their depositions by November 18, 2026, and awarding Plaintiffs their reasonable expenses. ECF No. 28 at 6–7. These depositions are essential in pursuing Plaintiffs' claims, the value of which is disputed, but which Plaintiffs assert exceeds $1,547,000.

**C. The Time and Labor Required**

The time and labor required was 3.9 hours as set out in the billing entries.

**D. The Novelty and Difficulty of the Questions Involved**

The issue that is the subject of this fee request is not unusually novel or difficult, except that it occasioned delay and necessitated repeated communications with opposing counsel and clients.

**E. The Skill Requisite to Perform the Legal Service Properly**

Maintaining professional communications with counsel, addressing the issues appropriately before the Court, and explaining procedure and delay to clients require professional skill and judgment that warrant the requested fees.

**F. The Preclusion of Other Employment by the Attorney Due to Acceptance of the Case**

The discovery issue in this case did not materially preclude counsel from other employment.

**G. The Customary Fee**

The hourly rate being sought is $495.00 per hour. This Court found that rate reasonable for my work in this case. ECF No. 18 at 2. It is also comparable to rates approved by courts in this District. *See, e.g.*, *Sasiada v. Switch, Ltd.*, 2024 U.S. Dist. LEXIS 192216, at *5 (D. Nev. Oct. 23, 2024) ($550/hr); *Newmark Grp., Inc. v. Avison Young (Canada) Inc.*, 2022 U.S. Dist. LEXIS 63617, 2022 WL 990640, at *1 (D. Nev. Apr. 1, 2022) ($500/hr); *Leftenant v. Blackmon*, 2022 U.S. Dist. LEXIS 35539, 2022 WL 605344, at *1 (D. Nev. Feb. 28, 2022) ($500/hr).

**H. Whether the Fee Is Fixed or Contingent**

Plaintiffs have retained counsel based on a contingency fee.

**I. The Time Limitations Imposed by the Client or the Circumstances**

Defendant's failure to produce the Four Witnesses before the September 25, 2026 discovery deadline required Plaintiffs to seek the Court's intervention.

**J. The Experience, Reputation, and Ability of the Attorney**

I have been practicing law for over 16 years. I graduated *cum laude* from the University of Michigan Law School. I worked as an associate for a large international law firm, clerked for the United States District Court for the District of Nevada, served for more than a decade as an Assistant United States Attorney, including in supervisory roles, and was a trial attorney for the United States Securities and Exchange Commission. I have experience in a wide range of civil matters, including tort and probate matters, and have litigated dozens of matters in federal court. I have never been the subject of any malpractice suit or bar disciplinary action, and I receive a significant portion of my work through referrals from other attorneys.

**K. The Undesirability of the Case**

None.

**L. The Nature and Length of the Professional Relationship with the Client**

The nature and length of the professional relationship is typical for personal injury matters.

**M. Awards in Similar Cases**

The Federal Rules require the Court to order a party that fails to obey a discovery order to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(b)(2)(C). This Court previously awarded Plaintiffs their reasonable fees in this case. ECF No. 18.

## III. CONCLUSION

Based on the foregoing, I respectfully request that the Court order an award of $1,930.50 in fees.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**I certify that Artificial Intelligence was used to prepare the foregoing document.**

**Dated: November 16, 2026**

***/s/ Troy K. Flake***

TROY K. FLAKE, ESQ.
Nevada Bar No. 16859
FLAKE & FLAKE, ATTORNEYS AT LAW
8905 S. Pecos Rd., Ste. 23B
Henderson, NV 89074
Telephone (702) 818-1800
Attorney for Plaintiffs
troy@flakeandflake.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

***/s/ Troy K. Flake***
TROY K. FLAKE, ESQ.