**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LACOSTA TUCKER, an individual; and CALI TUCKER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NORDSTROM, INC., a Foreign Corporation; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | **Case No. 2:25-cv-02316-CDS-MDC**<br><br>**ORDER AWARDING PLAINTIFFS REASONABLE FEES** |

On November 2, 2026, the Court entered an Order (ECF No. 28) granting the parties' *Stipulation Regarding Discovery Dispute* ("Discovery Dispute Stipulation") (ECF No. 27). Among other things, the Court granted plaintiffs' request for reasonable fees against defendant in connection with their meet-and-confer efforts regarding the depositions of defendant's Rule 30(b)(6) corporate representative, Mike Ko, Amanda Pietch, and Lisa Sakaio, and the preparation of the Discovery Dispute Stipulation. *See ECF No. 28*. The Court has now reviewed the *Declaration Regarding Fees* by plaintiffs' counsel (ECF No. 34) ("Fees Declaration"). Defendant did not oppose or object to the fees requested by plaintiffs in the Fees Declaration.

Plaintiffs request $1,930.50 in fees based on 3.9 billed hours. *ECF No. 34*. For the reasons below, the Court agrees with plaintiffs' request and awards **$1,930.50** in reasonable fees.

## I. Analysis

In determining plaintiffs' reasonable fees, the Court considered among the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or

> contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. In most cases, the lodestar figure is a presumptively reasonable fee award.

*CLM Partners LLC v. Fiesta Palms, LLC,* No. 2:11-cv-01387-PMP-CWH, 2013 WL 6388760, at *11 (D. Nev. December 5, 2013); *see also* LR 54-14.

The actual work performed and 3.9 hours reported by plaintiffs' counsel is reasonable. Reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community" (*Blum v. Stenson*, 465 U.S. 886, 895 (1984)), which "consists of the forum in which the case is pending." *CLM Partners LLC*, 2013 WL 6388760, at *5 (citing *Camacho v. Bridgeport Financial, Inc*., 523 F.3d 973, 978 (9th Cir. 2008)). Plaintiffs' counsel shows the requisite skill to perform the task properly and efficiently, as he has more than 16 years' experience litigating various federal cases involving complex criminal and civil matters. *ECF No. 34*. Thus, the $495.00 hourly fee by plaintiffs' counsel is reasonable. Courts in our district have previously found similar hourly rates to be reasonable for the Las Vegas legal community for attorneys with similar years of experience. *See, e.g.*, *Sasiada v. Switch, Ltd.*, No. 2:23-cv-00088-JCM-NJK, 2024 WL 4557360, at *2 (D. Nev. October 23, 2024) ($550/hr for lawyer with over 15 years experience); *Newmark Grp., Inc. v. Avison Young Canada Inc.*, No. 2:15-cv-00531-RFB-EJY, 2022 WL 990640 (D. Nev. April 1, 2022) (on average $475/hr); *Leftenant v. Blackmon*, No. 2:18-cv-01948-EJY, 2022 WL 605344 (D. Nev. February 28, 2022) ($500/hr).

//

//

//

//

//

**II. Conclusion and Order**

Based on the foregoing and for good cause appearing,

**IT IS ORDERED** that defendant shall, by no later than **January 15, 2027**, pay plaintiffs **$1,930.50** in reasonable fees.

Dated: November 24, 2026.

IT IS SO ORDERED.

________________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge